PATRICK SHERRY, Respondent, *v.* PENNSYLVANIA RAILROAD COMPANY, Appellant.

Fourth Department, September 23, 1936.

*Irving B. Diven,* for the appellant.

*Walter F. Cherry,* for the respondent.

EDGCOMB, J.   While engaged in lining up the tracks in defendant's railroad yards in the city of Canandaigua, plaintiff fell and was injured.   He brings this action under the Federal Employers' Liability Act, and asks to be compensated for the damages which he received on this occasion.   He has been awarded a verdict at the hands of an Ontario county jury.   Defendant appeals.

Plaintiff claims that the accident was occasioned by the handle of the jack, which he was using in his work, slipping out of the socket, and causing him to fall backwards, striking his back on the rail.   Defendant's negligence is predicated upon the theory that the jack in question was an improper device to be used in lining up the tracks, and that the handle did not properly fit in the socket. Defendant denies that it failed to perform the duty which it owed its employee, and asserts that the accident was occasioned solely by reason of plaintiff's own fault.

While the case is close, we think that the evidence presents questions of fact, both as to defendant's negligence and as to plaintiff's freedom from contributory negligence, which must be presented to the jury for decision.   In fact defendant does not argue otherwise; the only claim made in its brief is that the verdict is against the weight of the evidence upon the various questions in the case.

We have reached the conclusion that the verdict is against the weight of the evidence, and that, in the interest of justice, it should be set aside, and a new trial should be had.   In this conclusion we have been influenced to a considerable extent by the inadequate and confusing instructions to the jury regarding the question of damages.

This being an action under the Federal Employers' Liability Act, contributory negligence of the employee does not cut off his right to recover, but requires the jury to reduce the damages, to which he would otherwise be entitled, in proportion to the amount of negligence attributable to him.   (Federal Employers' Liability Act, U. S. Code, tit. 45, § 53.)

There is ample evidence to warrant a finding that plaintiff's injuries were occasioned partially, if not entirely, by reason of his own carelessness.   Consequently the jury should have been clearly and adequately instructed as to their duty, if they found that the plaintiff was guilty of any negligence which caused or contributed to his fall.   The charge in this regard is deficient and confusing. The only occasion in which reference is made to a reduction of damages in proportion to plaintiff's own negligence is in the first part where the court read section 53 of the act to the jury.   After that the jury were told that, if they found the defendant negligent

in failing to supply the plaintiff with a safe jack and handle, they should pass to the question of plaintiff's contributory negligence and, in considering that question, they should apply " that rule " in determining the damages which they should award. But the court did not otherwise specify what " that rule " was; reference had just been made to the situation where plaintiff's negligence was the sole cause of the accident. At the very end of the charge the jury were instructed that, if they found the defendant negligent, they should then pass to the question of damages, and should award the plaintiff such a sum as they felt would be " just, fair and adequate " and would " properly recompense him for the injury which he has sustained." The jury retired with this instruction ringing in their ears — a mandate which made no mention of any reduction of damages if the plaintiff was in any way to blame for his accident, and which, in effect, required the jury, if they found the defendant negligent, to give the plaintiff full damages, no matter whether the plaintiff was careless or not. This, of course, was error and was not corrected by reading the statute to the jury in the earlier part of the charge.

There is nothing in the record from which it can be determined what the jury found regarding plaintiff's conduct, as there is no special finding on that subject. It would have been far better practice to have submitted special questions, and required a specific finding on the percentage of negligence of the respective parties. (*Wolf* v. *B. & O. R. R. Co.*, 239 App. Div. 95, 97; reversed on other grounds, 264 N. Y. 57; *Lierness* v. *L. I. R. R. Co.*, 217 App. Div. 301, 308.) True, no request for such submission was made, and defendant is not in a position to complain. It is also true that had such a request been made, it would not have constituted reversible error to refuse it. (*Wolf* v. *B. & O. R. R. Co.*, *supra*.) But such is the better practice in cases of this character.

It should also be said that the defendant acquiesced in the charge as made, and took no exceptions thereto, and made no requests to clarify the instructions which were given to the jury relative to damages. Defendant is not in a position, therefore, to take advantage of this error, except as it may have a bearing on the facts. In view of the closeness of the evidence on the question of plaintiff's contributory negligence, as well as defendant's negligence, we feel that, in the interest of justice, the inadequate and apparently confusing charge on damages warrants a reversal of the judgment on the facts, and the granting of a new trial.

All concur, except Lewis, J., who dissents and votes for affirmance. Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event.